IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN LLEWELLYN HAWK,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, MISSOULA COUNTY, CITY OF MISSOULA,<br><br>Defendants. | CV 24-164-M-BMM<br><br><br><br>ORDER |

Plaintiff Brian Llewellyn Hawk ("Hawk") filed a Complaint generally alleging Defendants violated his civil and constitutional rights in conjunction with his 2008 Missoula County criminal proceedings. (Doc. 1 at 3, 5.) Hawk alleges that he went to trial for a Partner Family Member Assault and was made to register as a violent offender for eight years. (*Id*. at 5.) Hawk claims that the Montana state district court judge did nothing to stop the registration requirement, and neither the prosecutor nor Hawk's public defender spoke up at sentencing to stop imposition of the condition. (*Id*.) The Court notes that Hawk filed nearly identical claims, albeit against different defendants, in a prior action that was dismissed. *See Hawk v. McLean, et al*., Cause No. CV-24-156-BMM, Ord. (D. Mont. Nov.

1

12, 2024).

Hawk also seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 1.) Although he has not supplied a copy of his account statement, there is no reason to delay this matter further. The IFP motion will be granted.

As explained below, Hawk fails to state a claim for relief, seeks relief from a Defendant who is immune under 42 U.S.C. § 1983, and claims contained in Hawk's Complaint are untimely. The matter will be dismissed.

## I. Screening Analysis

Hawk is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

## II. Hawk's Allegations

As he alleged in his prior lawsuit, Hawk claims that he was given an illegal sentence when he was made to register as a violent offender following his August 13, 2008, misdemeanor Partner or Family Member Assault conviction. (Doc. 2 at 5.) This registration requirement remained in effect until 2015 when he was

granted habeas corpus relief in the Montana state district court and the registration requirement was removed. (*Id.*) Hawk alleges that these conditions amounted to an illegal sentence and illegal incarceration. (*Id.*) Hawk seeks $30 million in damages, or the maximum amount, "whichever is more." (*Id.*)

## III. Analysis

As explained below, Hawk's present complaint fails for several reasons. Accordingly, it will be dismissed.

### i. Federal Violation

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (*quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). Hawk fails to identify a specific federal constitutional or statutory right that he claims was violated by state officials. Hawk instead generally alleges his "civil rights", and "constitutional rights" were violated. It remains unclear what federal right Hawk believes was violated.

As his complaint stands, Hawk has not adequately identified a protected interest, much less deprivation of a right that would give rise colorable claim. Hawk only suggests a conclusory claim that when the state of Montana required

him to register as a violent offender, there was a violation of his constitutional and civil rights. Hawk has failed to identify a plausible federal violation.

### ii. Improper Defendant

Even assuming Hawk could state a claim under 42 U.S.C. § 1983, the next deficiency in his Complaint is that the State of Montana is entitled to immunity.

The Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Any claim against the State of Montana, or any agency of the State, cannot be brought in federal court and will be dismissed.

Hawk is advised, however, that the *Ex parte Young* doctrine provides a narrow exception to Eleventh Amendment immunity for "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (*citing Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Alden v. Maine*, 527 U.S. 706, 747 (1999). Hawk is not seeking injunctive relief

4

from the State. Hawk has not named a state official acting in their official capacity. The exception does not apply here.

### iii. Statute of Limitations

Additionally, as he was previously advised, Hawk filed his Complaint outside the applicable statute of limitations. Hawk cites to Mont. Code Ann. § 27-2-201, and asserts that a 10-year statute of limitations should apply in this matter. (Doc. 2 at 5.) The U.S. Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985) determined, however, the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *See*, MCA § 27-2-204(1). Hawk's complaint is dated November 20, 2024, therefore all claims accruing before November 20, 2021, appear to be barred by the applicable statute of limitations.

Hawk's claims are untimely. All of the acts underlying Hawk's claims accrued before and fall outside the limitations period.

## IV. Conclusion

Sections 1915 and 1915A of Chapter 28 of the U.S. Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can

decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The State of Montana remains immune from suit for purposes of Section 1983. Hawk's claims are barred by the applicable statute of limitations period, and he has failed to state a claim upon which relief may be granted. These defects could not be cured by amendment. Granting Hawk leave to amend would be futile. This matter will be dismissed.

## V. "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Hawk has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016) (*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d

999, 1004 (9th Cir. 2014)).   The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. Hawk's motion for leave to proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. § 1915(g), that this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 17th day of December, 2024.

Brian Morris, Chief District Judge
United States District Court